UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AMERICAN FAMILY CONNECT
PROPERTY & CASUALTY INSURANCE
COMPANY,

                              Plaintiff(s),

      v.

ROBERT M. WALTON,

                              Defendant(s).

Case No. 2:21-CV-174 JCM (BNW)

ORDER

Presently before the court is defendant Robert Walton's motion to dismiss. (ECF No. 4). Plaintiff American Family Connect Property & Casualty Insurance Company ("Connect") responded in opposition (ECF No. 6) to which Walton replied (ECF No. 7).

## I.     BACKGROUND

Walton was a passenger on an ATV when the driver lost control and the vehicle rolled over. (ECF No. 4 at 2). Walton had three fingers on his dominant hand amputated and incurred about $96,000 in medical bills. (*Id.*). The driver and ATV were uninsured so Walton made an uninsured motorist claim with his insurer Connect. (*Id.*). Walton's policy has a $100,000 underinsured/uninsured policy limit. (*Id.*).

Connect then brought this declaratory relief action, seeking a coverage determination that Walton's accident is not covered by his policy. (Compl., ECF No. 1 ¶ 19). Its complaint perfunctorily declares that the amount in controversy exceeds $75,000. (*Id.* ¶ 3). And before bringing this action, Connect paid Walton $25,000 under the policy. (ECF No. 4 at 2; ECF No. 6 at 2). Walton says he has incurred no property damage, no towing expense, and no rental car expense and that the policy's medical payments provision is not in dispute. (ECF

No. 4 at 3). Thus, Connect has no other potential exposure other than the remaining $75,000 of the policy limit; this $75,000 sum is the only recovery that Walton is seeking. (*Id.*).

Walton now moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that the amount in controversy does not exceed $75,000. (*Id.*).

## II.    LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is proper if the complaint fails to allege sufficient facts to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). The party invoking the court's jurisdiction bears the burden to show that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). If the court determines it lacks subject matter jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

A Rule 12(b)(1) motion to dismiss can be factual or facial. "A facial attack is based on the failure of the allegations of the complaint to establish subject matter jurisdiction while a factual attack is based on . . . extrinsic evidence which establishes that the court does not have subject matter jurisdiction." *China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digit., Inc.*, 155 F. Supp. 2d 1174, 1177–78 (C.D. Cal. 2001). But it is improper to rule on a Rule 12(b)(1) motion when the "jurisdictional issue and the substantive issues . . . are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004).

The court has subject matter jurisdiction when there is complete diversity of citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C § 1332(a)(1). When the case is originally brought in federal court, the amount in controversy alleged in the complaint controls so long as it is made in good faith. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). "It must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added).

## III.    DISCUSSION

In opposing dismissal, Connect's sole contention is that " 'it is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy.' " (ECF No. 6 at 3 (quoting *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018))). The policy's face amount is $100,000 which confers subject matter jurisdiction.  In other words, Connect invokes the court's jurisdiction and starts and ends with the policy's face amount.

But as Walton points out, *Elhouty* does not control here.  (ECF No. 7 at 2).  *Elhouty* "was a *validity* case, not a *value* case."  (*Id.* (emphasis in original)).  It only considered whether a life insurance policy had lapsed; whether the insurer or insured owed any money was not at issue like it is here.  (*Id.*).  *Elhouty* offered a pertinent example to explain its holding: "[I]f the issue is whether certain installments should be paid under a disability policy, the policy's face amount does *not* establish [the amount in controversy].  Rather, the value of the object of the litigation is the amount of the unpaid installments allegedly due." *Elhouty*, 886 F.3d at 755 (emphasis added) (internal quotation marks and citation omitted).

Walton also cites *Budget Rent-A-Car, Inc. v. Higashiguchi* where the Ninth Circuit examined a rental car liability policy and held that "Budget's maximum liability under the [r]ental [a]greement is relevant to determining the amount in controversy *only if* the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling. Because the applicability of Budget's liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action."  109 F.3d 1471, 1473 (9th Cir. 1997) (emphasis added).

Given this Ninth Circuit caselaw, the validity of Walton's *entire* insurance policy is not at issue.[1]   This is not a dispute over whether his policy "is in effect or has been

---

[1] *Cf. Progressive N. Ins. Co. v. Pena-Guzman*, No. 2:17-cv-02803-GMN-PAL, 2019 WL 1386377, at *2 (D. Nev. Mar. 26, 2019) (dismissing a case with $15,000 per person and $30,000 per accident policy limits because it was not clear that "Progressive's declaratory relief claim is limited to the underlying accident and not the policy as a whole").

James C. Mahan
U.S. District Judge

terminated." *Elhouty*, 886 F.3d at 756.  Thus, the policy's $100,000 face amount is not the amount in controversy.  This is a dispute over whether a "particular occurrence"—Walton's ATV accident—is covered so the amount in controversy is the "value of the underlying potential tort action." *Higashiguchi*, 109 F.3d at 1473; *see also* (Compl., ECF No. 1 ¶ 12 ("The Insurance Policy only applies to the extent that there is a claim by the Defendant that is covered by the Uninsured Motorist portion Insurance Policy.")).

To that end, Connect does not dispute that before bringing this action, it "paid the $25,000 undisputed portion of the $100,000 policy, has made no demand for return of that amount, and has not alleged in its [c]omplaint that the $25,000 remains in controversy." (ECF No. 4 at 2; *see also* ECF No. 6 at 2).  It also does not dispute Walton's contention that it "has no other potential exposure" beyond the policy limit.  (*Id.*).  Thus, given the $100,000 policy limit and Connect's $25,000 pre-suit payment, the amount in controversy is exactly $75,000, "one penny short" of the jurisdictional requirement.  *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (vacating judgment for lack of subject matter jurisdiction when the insurer conceded the policy required a $25,000 payment but disagreed that the insured was entitled to $100,000 in coverage); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821–22 (8th Cir. 2011) (discussing amount in controversy and insurer pre-suit payments).  In short, "if Walton prevails, he will receive, and Connect will pay" him not $100,000 but $75,000 which means the court does not have subject matter jurisdiction. (ECF No. 6 at 3).

## IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walton's motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED.  This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  The clerk shall close the case.

2  DATED May 13, 2021.

3  _____

4  UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**